# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN DECKER, et al., ) | CASE NO. 1:23-cv-1272 |
| ) | |
| Plaintiffs, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | |
| INEOS PIGMENTS USA INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

WHEREAS, Plaintiffs Jonathan Decker and Glenn Painter ("Plaintiffs") and Defendant INEOS Pigments USA Inc. ("Defendant") have entered into the Joint Stipulation of Class and Collective Action Settlement and Release of Claims ("Settlement Agreement"), attached to Plaintiffs' Unopposed Motion for Final Approval of Proposed Class and Collective Action Settlement ("Motion for Final Approval") as *Exhibit A*, which is intended to resolve claims asserted in this action by Plaintiffs; and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendant;

WHEREAS, Plaintiffs have requested that the Court enter an Order: (1) granting final approval of the Settlement Agreement of the Plaintiffs and Defendant ("the Parties"), including the Maximum Gross Settlement Amount of $1,650,000.00; (2) certification of the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and 29 U.S.C. §216(b) solely for purposes of settlement; (3) confirming appointment of the Named Plaintiffs as the

representatives for the Settlement Class Members, and Class Counsel as counsel for the Settlement Class Members; (4) approving Class Counsel's attorney's fees and litigation expenses; (5) approving the General Release Payments for the Named Plaintiffs; and (6) approving expenses paid to the third-party Settlement Administrator, Simpluris, Inc.

WHEREAS, on July 25, 2024, the Court preliminarily approved the Parties' Settlement Agreement and their proposed resolution of Plaintiffs' class and collective action claims on behalf of the Settlement Class Members. (ECF No. 25).

WHEREAS, in accordance with the July 25th Order granting preliminary approval, and in compliance with due process, the settlement administrator sent the Court-approved Notice to each of the Settlement Class Members by First Class U.S. Mail. The Notice informed the Settlement Class Members of:

1) The terms of the Settlement Agreement;

2) Their right to participate in the Settlement;

3) Their right to object to the Settlement Agreement and the procedure for doing so;

4) Their right to request exclusion from the Settlement and the procedure for doing so;

5) The fact that, unless they filed a request to be excluded from the settlement, they would become Settlement Class Members and be bound by the release of claims set forth in the Notice and the Settlement Agreement;

6) A general explanation for how the Individual Settlement Awards would be calculated; and

7) Their right to appear in person at the Final Approval Hearing regarding final approval of the Settlement.

WHEREAS, the Court has before it, the Motion for Final Approval and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement

Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for Plaintiffs and Defendant.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Motion for Final Approval, the declarations filed in support of the Motion for Final Approval, and having considered the argument of counsel, and that there were no objections to the Settlement and no requests for exclusion from the Settlement, the Court makes the findings and grants the relief set forth below:

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Final Approval of the Settlement*

1. The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement Agreement.

2. The Notice to Class Members: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise the Settlement Class Members of the pendency of the case, their right to participate in the Settlement Agreement, their right to exclude themselves from the Settlement Agreement, and their right to object to, and/or appear at the Final Approval Hearing; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29. U.S.C. § 216, due process, and any other applicable rules or law. No individuals asked to exclude themselves from the Settlement Agreement, and there were no objections to the Settlement Agreement.

3. The Court has reviewed the terms of the proposed Settlement Agreement[1], including the plan of allocation and release of claims, as well as the motion papers and declaration

---

[1] All capitalized terms contained herein, unless otherwise defined, shall have the same definitions as set forth in the Settlement Agreement, which is attached as Exhibit A to Plaintiffs' Unopposed Motion for Final Approval.

of counsel, which describe Class Counsel's legal and factual investigation, and the settlement process. Based on review of those papers, the Court concludes that the settlement is fair, reasonable, and adequate resolution of disputed legal claims, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. § 216. The Court finds that the settlement process was non-collusive, the result of extensive, arm's length negotiations among the parties after Class Counsel investigated the claims and became familiar with the strengths and weaknesses of the case, and was achieved with the aid of an experienced mediator. The Agreement was entered into in good faith as to each Settlement Class Member.

4. Counsel for the Settlement Class Members are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

5. The Court has considered the factors *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) and *Does 1-2 v. Déjà vu Servs., Inc.,* 925 F.3d 886, 894 (6th Cir. 2019), including: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. Based on these considerations, the Court finds that the amounts to be paid under the Settlement Agreement are fair and reasonable. Moreover, the allocation of the Maximum Gross Settlement Amount among the Settlement Class Members if fair, adequate, and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions, rather than the result of a finding of liability at trial, also supports the Court's decision granting final approval.

6. The Court appoints counsel for the Named Plaintiffs as representatives of, and as counsel ("Class Counsel") for, the Settlement Class Members for the purpose of entering into and implementing the Settlement Agreement.

7. The Settlement Administrator is to execute the distribution of proceeds of the Maximum Gross Settlement Amount pursuant to the terms of the Settlement Agreement.

8. As of the Effective Date, the Settlement Class Members who did not opt out of the Settlement Agreement are bound by the release of claims set forth in Section 4(E) of the Settlement Agreement and are hereby enjoined from bringing such released claims.

9. The fees, expenses, and any other costs of Simpluris, Inc., in administering the Settlement Agreement of $7,312.00, are fair and reasonable. Payment of that amount shall be paid out of the Maximum Gross Settlement Amount in accordance with the Settlement Agreement, which shall fully finally and completely compensate Simpluris, Inc., for all fees, expenses and any other costs in administering the Settlement.

10. The Court approves the General Release Payments to the Named Plaintiffs in the amount of $10,000.00 each (in addition to any recovery they may receive as Settlement Class Members under the Settlement Agreement), for a total of $20,000.00, and orders that such payments be made in the manner and upon the terms and conditions, set forth in the Settlement Agreement.

11. The Court approves the payment of attorneys' fees of $550,000.00 (representing one-third of the Maximum Gross Settlement Amount) and $13,667.26 in litigation costs, and orders that such payments be made in the manner, and upon the terms and conditions set forth in the Settlement Agreement. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendant in any way connected with this litigation.

12. The Court dismisses this action with prejudice.

13. The Parties are to bear their respective attorneys' fees and costs except as provided in the Agreement.

14. The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

15. There being no just reason to delay entry of this Final Order, the Court orders the Clerk of Court to enter this Final Order immediately, along with Entry of Judgment thereon.

**SO ORDERED**, this __7th__ day of __November__ 2024.

                        /s/ Patricia A. Gaughan
                        THE HONORABLE PATRICIA A. GAUGHAN
                            UNITED STATES DISTRICT JUDGE